RECEIVED
IN ALEXANDRIA, LA
NOV 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIAM HERRINGTON (#121183)** | DOCKET NO: 09-CV-785; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **WARDEN MARTIN, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff William Herrington, filed on May 7, 2009, in the Middle District of Louisiana. The case was transferred to this district on May 12, 2009, and Plaintiff's motion to proceed *in forma pauperis* was granted on May 14. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff names as defendants Warden Martin, Mona Heyse, Nicole Walker, Lieutenant Hay, and Warden Tim Wilkinson. He complains that his legal property was confiscated during a "shakedown" without a confiscation report. He also claims that as a result of the confiscation of his property, he was unable to timely file an application for post-conviction relief. He seeks a monetary award of $1,000.00 for the alleged violations and asks that the defendants be fined for malfeasance in office.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order

of this Court.

## STATEMENT OF THE CASE

Plaintiff claims that the defendants wrongfully confiscated his legal property, resulting in the denial of access to the courts. He alleges that on April 2, 2008 or 2009[1], Lieutenant Hay entered the dorm to "shake down" Plaintiff. [Doc. #1, p.6] During the "shake down," Lt. Hay confiscated approximately one hundred of Plaintiff's legal cases as well as typing paper, tablets, copies of filed legal documents, and letters. Id. He claims that the confiscation deprived him of his rights to due process and access to the courts.

Plaintiff was convicted in 1988 of three counts of attempted aggravated rape, two counts of aggravated oral sexual battery, nine counts of indecent behavior with a juvenile, three counts of distribution of marijuana, and one count of public bribery. See In re: William Herrington, 06-30439, 5th Cir. 2006. He was sentenced to fifty years of imprisonment. Plaintiff did not appeal his judgment of conviction, although he conducted some post-conviction proceedings in 1991. [3:00-cv-2118 Doc. #8, p.4] He filed no state post-conviction applications. Plaintiff filed a petition for writ of habeas corpus in this Court on September 15, 2000, and it was dismissed with prejudice as time barred. [3:00-cv-2118 Doc. #10] Plaintiff's appeal to the Fifth Circuit was dismissed in September

---

[1]Plaintiff uses both years in his allegations.

2001.

In August 2005, Plaintiff filed a second and successive habeas petition in this Court. Because he needed authorization to file such a petition, the case was transferred to the United States Fifth Circuit Court of Appeal. The Fifth Circuit noted that Plaintiff wished to argue, among other things, that he was denied effective assistance of counsel and that the State withheld exculpatory evidence. Because he had previously raised the ineffective assistance claim and because he presented no newly discovered evidence, Plaintiff was denied authorization to file a successive §2254 application. [3:05-cv-1433, Doc. #11, p.2] Plaintiff was subsequently barred from filing future successive habeas petitions in this Court. [In Re: Barred 28:2254 Pet, et al. 5:00-mc-0002]

## LAW AND ANALYSIS

### I. Access to Courts

Plaintiff complains that Wilkinson and Morgan failed to "oversee the lower officials" who confiscated Plaintiff's property. He claims that it was "unnecessary and unreasonable for the officials to confiscate this material at all without a confiscation report." [Doc. #1, p.8] Plaintiff claims that the wardens are responsible for the deliberate indifference and gross negligence of their subordinates.

An "access to courts" claim is actionable only if the

deprivation stemmed from intentional conduct on the part of the defendant; "access to courts" claims premised on a defendant's mere negligence or inadvertence are not cognizable under §1983. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988); see also Sims v. Landrum, 170 Fed. App'x 954 (6th Cir. 2006); Turner v. Donnelly, 156 Fed. App'x 481, 483-84 (3rd Cir. 2005). Plaintiff claims that the defendants acted with deliberate indifference and gross negligence. However, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Plaintiff has not presented allegations of deliberate indifference. Rather, what he has described – seizing his items "without a confiscation report," which resulted in his property being misplaced or lost – amounts to a claim for negligence, at best. Plaintiff has not presented allegations of intentional or deliberate conduct by the defendants in failing to inventory or return his legal property.

Moreover, even if Plaintiff had alleged facts of intentional conduct by the defendants, he has not sufficiently alleged an injury. The Supreme Court has not extended the right of access to courts to encompass more than the ability of an inmate to prepare and transmit a **necessary** legal document to a court." Eason v.

Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(emphasis added)(citing Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)).  To make out a claim that his constitutional right of access to the courts was violated, the plaintiff must demonstrate that his position as a litigant was **actually prejudiced** by the defendants actions.  Id. (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).  Actual prejudice includes injuries such as the inability to meet a filing deadline or to present a claim, see Lewis v. Casey, 518 U.S. 343, 351 (1996), or the inability to prepare and transmit legal documents to a court, see Allen v. Fuselier, 273 F.2d 393 (5th Cir. 2001).

Plaintiff submits that he was denied access to the court by the defendants because he was unable to timely file a motion for post-conviction relief.  However, Plaintiff was convicted and sentenced in 1988 and, as noted in the Report and Recommendation in his habeas case previously filed in this Court, the time for filing a motion for post-conviction relief has long expired.  He claims that the cases confiscated involved ineffective assistance of counsel, withholding evidence by the prosecution, and newly discovered facts/evidence regarding Plaintiff's case.  These are the very issues Plaintiff raised in prior habeas petitions in this Court, and Plaintiff has been barred from filing any more second and successive petitions. [3:00-cv-2118; 3:05-cv-1433]  Any general allegation by Plaintiff that he would have been successful in

seeking post-conviction relief at this juncture is entirely conclusory. Plaintiff has not alleged facts tending to show that he would have been successful on a motion for post-conviction relief had his legal documents been returned to him or not confiscated in the first place.

To the extent Plaintiff claims a conspiracy by the defendants to "cover up" on behalf of the person who lost the documents, Plaintiff still has to show an actual injury. Plaintiff has not alleged that he was unable to prepare and transmit a **necessary** or non-frivolous legal document to a court. Plaintiff fails to state a claim for which relief can be granted.

## II. Loss of property / Due Process

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.

In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy

6

provided all the process that was due. <u>Id.</u>, 451 U.S. at 536-37.

The Due Process Clause does not embrace tort law concepts. <u>Id</u>. Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. See <u>Daniels v. Williams</u>, 474 U.S. 327, 325 (1986).

Even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984); <u>Davis v. Bayless</u>, 70 F.3d 367 (5th Cir. 1995); <u>Murphy v. Collins</u>, 26 F.3d 541 (5th Cir. 1994).

In this case, Plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when Plaintiff's legal documents were confiscated and then misplaced by a prison official. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See La. Civil Code, Article 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See <u>Charbonnet v. Lee</u>, 951 F.2d 638

(5th Cir.), cert. denied, 505 U.S. 1205 (1992).

Even if Plaintiff's claim had been premised on intentional conduct, it still would be barred by Hudson, in that Louisiana law clearly provides him with an adequate post-deprivation remedy for lost property, i.e. a tort suit brought in state court. Samuels v. Hay, 128 Fed. App'x 395, 396 (5th Cir. 2005).

### III. Supervisory Liability

Plaintiff claims that the wardens are liable because they "failed to oversee the lower officers who caused the constitutional violations." He alleges that the wardens "are responsible for the actions of their subordinates." [Doc. #1, p.8] Vicarious liability[2] does not apply to § 1983 claims. Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Plaintiff's claim against the wardens is frivolous.

### CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

---

[2] Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _17th_ day of _November_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE